IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| EDGAR FLORES | § | |
| VS. | § | CIVIL ACTION NO. 9:21-cv-79 |
| BOBBY LUMPKIN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Edgar Flores, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, brings this civil rights lawsuit against Bobby Lumpkin, Terry Mason, Richard Bledsoe and Melinda Cunningham. Defendant Lumpkin is the director of TDCJ-CID. Defendants Mason and Bledsoe are, respectively, a captain and a sergeant. Defendant Cunningham acted as Plaintiff's counsel substitute in connection with a prison disciplinary proceeding. This matter was referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a Motion to Dismiss filed by Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. #14).

Factual Allegations

Plaintiff states that on November 22, 2020, at approximately 7:00 a.m., a package was found between security fences. He asserts he does not have access to this area and was not near the area when the package was found. Plaintiff states Defendant Bledsoe questioned him about the package. Defendant Bledsoe stated he suspected Plaintiff had something to do with the package because of prior suspicions he had about Plaintiff. Plaintiff states that after the questioning, Defendant Bledsoe charged him with a disciplinary offense and placed him in pre-hearing detention.

Defendant Mason presided at Plaintiff's disciplinary hearing. Plaintiff states a video of someone walking past a door that led to the area between the security offenses was shown. He

asserts the person in the video cannot be identified. Plaintiff asked Defendant Mason to zoom in or increase the size of the person in the video. Defendant Mason denied the request. Plaintiff further alleges Defendant Mason refused to let him call witnesses to testify on his behalf. As a result of the disciplinary conviction, Plaintiff was required to forfeit previously earned good conduct time credits.

Plaintiff states he questioned Defendant Bledsoe during the disciplinary hearing. He contends Defendant Bledsoe was unable to answer questions about Plaintiff's involvement in the incident. Plaintiff asserts Defendant Bledsoe deliberately testified falsely at the hearing. He also states Defendant Cunningham made no attempt to contest any of the evidence against him.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but a plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not state enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. A plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

### *Claim Against Defendant Lumpkin*

To successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrates a defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff does not state Defendant Lumpkin personally participated in the actions described in his Complaint.

Plaintiff does state that as Defendant Lumpkin is the director of TDCJ-CID, the remaining Defendants were subject to his authority. As a result, Plaintiff appears to assert Defendant Lumpkin

should be held responsible for the actions of his subordinates. However, under Section 1983, supervisory officials are not liable for acts of their subordinates under any theory of vicarious liability. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). A supervisor may be held liable only for implementing a policy that repudiates constitutional rights and which is the moving force behind the harm suffered by the plaintiff. *Id*.

Plaintiff has not identified a policy implemented by Defendant Lumpkin that led to the harm he suffered. As Plaintiff has failed to demonstrate Defendant Lumpkin was personally involved in the actions he describes or that Defendant Lumpkin implemented a policy which resulted in the harm he suffered, Plaintiff has failed to assert a claim against Defendant Lumpkin upon which relief may be granted.

*Claim Against Defendant Bledsoe*

Plaintiff alleges Defendant Bledsoe filed a false disciplinary case against him and testified falsely at his disciplinary hearing. These allegations are construed as a claim for malicious prosecution.

To establish a claim for malicious prosecution, a plaintiff must show: (1) the commencement or continuation of an original criminal proceeding; (2) the legal causation of the proceeding by the present defendant; (3) the termination of the proceeding in favor of the plaintiff; (4) the absence of probable cause for the proceeding; (5) malice in commencing the proceeding; and (6) damages. *Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023). To demonstrate a favorable termination, the plaintiff need only show that the prosecution ended without a conviction. *Thompson v. Clark*, 142 S. Ct. 1332, 1341(2022).

Plaintiff was found guilty of the disciplinary charge, an unfavorable termination of the proceeding from his point of view. As a result, Plaintiff's allegations regarding Defendant Bledsoe fail to state a claim upon which relief may be granted.

*Claim Against Defendant Mason*

Plaintiff alleges Defendant Mason denied him due process of law while presiding over his disciplinary hearing. The Due Process Clause "protects persons against deprivations of life, liberty, or property, and those who seek to invoke its procedural protections must demonstrate that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Texas inmates have a constitutional expectancy of early release, and thus a protected liberty interest in earned good conduct time credits, pursuant to the Texas statutory scheme permitting some inmates to be released on mandatory supervision.[1] *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007). Plaintiff lost earned good conduct time credits as a result of his disciplinary conviction.

However, only Texas inmates convicted of certain offenses are eligible for release on mandatory supervision. According to the website operated by TDCJ-CID, Plaintiff's incarceration is due to a 2009 conviction for murder. TDCJ Offender Search Website, available at https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=06864314. Pursuant to Section 508.149(a)(2) of the Texas Government Code, inmates who were convicted of murder are not eligible for release on mandatory supervision.

As Plaintiff is not eligible for release on mandatory supervision, he does not have a protected liberty interest in his earned good conduct time credits. He was therefore not entitled to due process of law in connection with his disciplinary proceeding. *Dorsey v. McFarlin*, 609 F. App'x 266, 267 (5th Cir. 2015); *Antone v. Preschel*, 347 F. App'x 45, 46 (5th Cir. 2009). Accordingly, Plaintiff has failed to state a claim against Defendant Mason upon which relief may be granted.

*Claim Against Defendant Cunningham*

Plaintiff alleges Defendant Cunningham failed to properly perform her duties as his counsel substitute. In order to state a cause of action under Section 1983, a plaintiff must allege that a person acting under color of state law deprived him of a federally protected right. *Gomez v. Toledo*,

---

[1] Pursuant to Section 508.147 of the Texas Government Code, an inmate may be released to mandatory supervision when the calendar time the inmate has served, plus any accrued good conduct time credits, equals the term to which the inmate was sentenced.

446 U.S. 635, 640 (1980). A counsel substitute does not act under color of state law in assisting a prisoner with a disciplinary proceeding. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). As Defendant Cunningham was not acting under color of state law while assisting Plaintiff, the allegations against her fail to state a claim upon which relief may be granted.

### Recommendation

The Motion to Dismiss filed by Defendants should be granted.

### Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 13th day of November, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE